Argued and submitted July 17, affirmed November 13, 1996

In the Matter of the Compensation of
Jean M. Gordon, Claimant.

Jean M. GORDON,
*Petitioner,*

*v.*

CITY OF PORTLAND,
*Respondent.*

(94-06925; CA A90778)

927 P2d 96

Linda C. Love argued the cause for petitioner. On the brief was Anthony A. Allen.

David L. Jorling, Senior Deputy City Attorney, argued the cause for respondent. With him on the brief was Scott Kozuma, Associate Deputy City Attorney.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Claimant sought review from the Workers' Compensation Board's order on reconsideration that adhered to an earlier order on review, finding claimant to have 100% impairment of one eye, pursuant to ORS 656.214(2).[1] We affirm.

This case involves the proper rating, for scheduled disability purposes, of binocular diplopia. A person with binocular diplopia "sees double" when both eyes are open.[2] Plaintiff first experienced binocular diplopia when she was 10 years old, but, through eye exercises and surgery addressing the ocular motility[3] impairment that caused her condition, she was generally able to successfully "fuse" her vision. On March 31, 1991, claimant tripped and fell, striking her head, while entering an elevator at work. The next day, she temporarily lost vision in her left eye, and when her vision returned, so had her binocular diplopia. Thereafter, claimant sought permanent partial disability benefits for her binocular diplopia.

The administrative law judge determined that claimant's binocular diplopia resulted in 100% *binocular* vision loss—that is, that claimant was entitled to permanent partial disability benefits for a 100% impairment of *both* eyes. Employer sought review from the Board, and the Board modified, holding that, under ORS 656.214(2) and OAR 436-35-260, claimant was entitled to scheduled permanent partial disability benefits for 100% vision loss for *one* eye (100% loss of monocular vision), and not 100% vision loss for both eyes (100% loss of binocular vision). Claimant moved for reconsideration, and the Board, in its order on reconsideration, adhered to its previous ruling.

---

[1] Although the injury that is the subject of this appeal arose before the 1995 Workers' Compensation Amendments, claimant argues, and employer does not dispute, that ORS 656.214(2), as amended in 1995, applies.

[2] In contrast to binocular diplopia, monocular diplopia is the condition of "seeing double" when only one eye is open. It is, apparently, medically possible for a person to experience both binocular diplopia and monocular diplopia. The record here indicates that claimant suffers only from binocular diplopia.

[3] "Ocular motility" is the eye's power of spontaneous movement. *Stedman's Medical Dictionary* 887, 973 (4th unabridged lawyers' ed 1976).

On review, plaintiff argues that the Board erred in its application of ORS 656.214 and OAR 436-35-260. She asserts that, under those provisions, her ocular motility impairment resulting in binocular diplopia is properly rated as yielding a 100% loss of vision of both eyes, not of only one eye. ORS 656.214(2) provides, in part:

> "When permanent partial disability results from an *injury*, the *criteria for the rating of disability* shall be the permanent loss of use or function of the injured member due to the industrial injury. The worker shall receive $347.51 for each degree stated against such disability in subsections (2) to (4) of this section as follows:

> "* * * * *

> "(h) For partial or complete loss of vision of one eye, that proportion of 100 degrees which the loss of monocular vision bears to normal monocular vision. For the purposes of this paragraph, the term 'normal monocular vision' shall be considered as Snellen 20/20 for distance and Snellen 14/14 for near vision with full sensory field.

> "(i) For partial loss of vision in both eyes, that propor-tion of 300 degrees which the combined binocular visual loss bears to normal combined binocular vision. In all cases of partial loss of sight, the percentage of said loss shall be measured with maximum correction. For the purpose of this paragraph, combined binocular visual loss shall be cal-culated by taking three times the visual loss in the less damaged eye plus the visual loss in the more damaged eye and dividing that amount by four. In the case of individuals with compensable visual loss involving both eyes, either the method of calculation for monocular visual loss or that for combined binocular visual loss shall be used, depending upon which allows the greater award of disability."

Under OAR 436-35-260,[4] a claimant's visual loss is rated based on three factors: central visual acuity, integrity of the peripheral visual fields, and ocular motility. OAR 436-35-260(1). The rule specifies that central visual acuity and integrity of peripheral visual fields are to be tested for *"each*

---

[4] The Director promulgated OAR 436-35-260 pursuant to ORS 656.726(3)(f), which grants the Director authority to "[p]rovide standards for the evaluation of disabilities."

eye." OAR 436-035-260(2) and (3) (emphasis supplied). Conversely, ocular motility is tested somewhat differently:

"(4)  Ratings for ocular motility impairment resulting in *binocular diplopia* are determined as follows:

"(a)  Determine the single highest value of loss for diplopia noted on each of the standard 45° meridians as scheduled in the following table;

"(b)  Add the values obtained for each meridian to obtain the total impairment for loss of ocular motility. A total of 100 percent or more shall be rated as 100 percent of *the eye*. As an example: Diplopia beyond 30 degrees in a nasal direction is valued at ten percent. Diplopia in a temporal direction between 21 and 30 degrees is valued at 20 percent. For diplopia in both ranges, the rating would be 10 percent plus 20 percent resulting in a total of 30 percent." OAR 436-35-260(4) (emphasis supplied).

Thus, with respect to assessing ocular motility impairment, subsection (4) is concerned only with such impairment that results in binocular diplopia. Unlike the other two factors for which the tests are repeated twice, once for each eye, ocular motility impairment resulting in binocular diplopia—a condition that by definition occurs only when both eyes are open—is tested only once, yielding only one result.

The rule then prescribes two formulas for determining visual loss, the monocular loss method and binocular loss method. The monocular loss method is as follows:

"The total rating for monocular loss is found by combining (not adding) the ratings for loss of central vision, loss of visual field, and *loss of ocular motility* and loss for other conditions specified in section (5) of this rule." OAR 436-35-260(6) (emphasis supplied).

The binocular loss method is as follows:

"(a)  Find the percent of monocular loss for each eye;

"(b)  Multiply the percent of loss in the better eye by three;

"(c)  Add to that result the percent of loss in the other eye;

"(d) Divide this sum by four. The result is total percentage of binocular loss;

"(e) This method is expressed by the formula:

$$\frac{3(A) + B}{4}$$

" 'A' is the percent of loss in the better eye;

" 'B' is the percent of loss in the other eye." OAR 436-35-260(7).

Finally, OAR 436-35-260(8) provides that the total vision loss is determined by whichever loss results in "the greater disability rating." *See also* ORS 656.214(2)(i) ("In the case of individuals with compensable visual loss involving both eyes, either the method of calculation for monocular visual loss or that for combined binocular visual loss shall be used, depending upon which allows the greater award of disability.").

Claimant argued to the Board, and reiterates on appeal, that, based on OAR 436-35-260 (4) and (7), her ocular motility impairment must be attributed to *each* eye, and not just to one eye. From the premise that she has suffered a loss of vision in each eye, claimant reasons that, when her impairment is rated under the "binocular loss" formula, her impairment is correctly rated as 100% of both eyes.[5]

Claimant's position rests on a false first premise: Neither OAR 436-35-260 nor ORS 656.214 requires that ocular motility impairment resulting in binocular diplopia be attributed to each eye, rather than to only one eye. OAR 436-35-260(4) states that if the binocular diplopia is 100%, it is to be rated as "100% of *the eye*," not "100% of each eye," or "100% of both eyes." (Emphasis supplied.) When considered in the light of the rule's entire context, the use of the singular is significant. In particular, as we have already noted, unlike the

---

[5] In claimant's view, she has no "better" eye for purposes of the subsection (6) formulation. Thus, she asserts that the proper calculation is $\frac{3(100) + 100}{4} = 100$.

If claimant's ocular motility impairment resulting in binocular diplopia is properly attributed to only one eye, instead of to both, her binocular loss is 25%: $\frac{3(0) + 100}{4}$.

tests for central visual acuity and visual fields, the test for binocular diplopia does not involve an assessment of each eye's monocular impairment level; instead, it only assesses a type of binocular impairment. Thus, the applicable regulations provide that ocular motility impairment resulting in binocular diplopia is to be considered as yielding an impairment of one eye, not both.[6]

Nor does ORS 656.214 dictate a different result. The loss formula in ORS 656.214(i) assumes that *each* eye has been rated individually for its impairment level. However, as noted, testing of ocular motility impairment resulting in binocular diplopia does not conform to that assumption. That is, such impairment is not determined separately for each eye. Thus, the statute, which is phrased in much less precise terms than the implementing regulations, does *not* address the unique circumstances of binocular diplopia, *i.e.*, those circumstances where the vision in either eye individually is not impaired and the impairment is manifested only when both eyes are open. Nothing in the statute precludes the Board's determination that, under OAR 436-35-260, petitioner's impairment should be attributed to one eye, not both.

The Board correctly determined that claimant had total monocular loss of 100%.

Affirmed.

---

[6] That construction of OAR 436-35-260 is consistent with the text of an earlier version of the rule as well as with standard methods of rating visual impairments. *Former* OAR 436-35-260(5)(c), required binocular diplopia to be "rated in the eye with the greatest loss." Furthermore, the American Medical Association's *Guides to the Evaluation of Permanent Impairment* 217 (4th ed 1993), which is included in the record, instructs that, in determining the visual system's impairment, ocular motility impairment, or binocular diplopia, is combined with "the combined value for central vision and visual field *in the eye manifesting the greater impairment*[.] *Disregard the loss of ocular motility in the other eye.*" (Emphasis supplied.)